





PAE AO 241
(Rev. 10/09)

Page 4

<u>PETITION FOR WRIT OF MANDAMUS (and/or) A</u>
**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|
| Name (under which you were convicted):<br>ROBERT W. THOMAS | Docket or Case No.: 11 2409 |
| Place of Confinement: SCI DALLAS<br>1000 Follies Rd, DALLAS, PA 18612 | Prisoner No.: AM3069 |
| Petitioner (include the name under which you were convicted):<br><br>ROBERT W. THOMAS | Respondent (authorized person having custody of petitioner):<br><br>V. JUSTICES; PA. SUPREME COURT<br>(and/or) JEROME WALSH |
| The Attorney General of the State of PENNSYLVANIA | |

<u>**PETITION**</u>

1.   (a)   Name and location of court that entered the judgment of conviction you are challenging:

BUCKS COUNTY COURT OF COMMON PLEAS
55 EAST COURT ST, DOYLESTOWN, PA 18901

   (b)   Criminal docket or case number (if you know): 2262 OF 1978

2.   (a)   Date of judgment of conviction (if you know): MARCH 9TH, 1979

   (b)   Date of sentencing: MARCH 17TH 1980

3.   Length of sentence: LIFE

4.   In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

18 Pa. C.S. 2502
FIRST AND THIRD DEGREE MURDER

## JURISDICTION

Petitioner's **28 USC, Section 2254 Writ of Habeas Corpus** petition is taken pursuant to the **ALL WRITS ACT**, where the Federal Courts of Appeals have power to treat attempted appeal from unappealable, or possibly unappealable order as a petition for **Writ of Mandamus.**  See - **In Re Providence Journal Co**, 293 F.3d 1 (1st Cir. 2002).

Federal habeas corpus relief is not to be denied prisoners alleging constitutional deprivations soley on ground relief should have been sought by appeal. **Kauffman v. U.S.**, 394 US 217, 22 L.Ed.2d 227, 89 S.Ct. 1068 (1969).

**Jurisdiction for Federal Courts is Codified at: 28 USC Sec. 1361.  Blasband v. Rales**, 979 F.2d 324 (3rd cir. 1992), (Mandamus may be issued when the petitioner shows he has no other means available to obtain the desired relief and that the right to issuance of the writ is clear and indisputable).  Accord **Comm'n Workers of America v. A.T & T.**, (932 F.2d 199, 208, (3rd Cir. 1991).

A prisoner may file a **28 USC, Section 2254** petition in either the district court for the district in which he is incarcerated or the district in which he was committed and sentenced, **Pischke v. Lilscher**, 178 F.3d 497, 499 (7th Cir. 1999).  **28 USC, Section 2241(d).**  Custody requirement is satisfied as long as petitioner incarcerated when petition is filed, **Spencer v. Kemna**, 523 US 1, 5 (1998).  Violations of state law are cognizable in a 2254 proceeding when they are of a constitutional magnitude, **Pulley v. Harris**, 465 US 37, 41 (1984).

Federal Courts may dispense with exhaustion requirements if further state litigation would be futile, **28 USC, Section 2254(b)(i)(B)(ii).  Grey v. Hoke**, 933 F.2d 117, 120 (2nd Cir. 1991), (Exhaustion requirement excused because claims would be deemed procedurally barred if presented in state court.)

PAE AO 241
(Rev. 10/09)

Page 5

6. (a) What was your plea? (Check one)

☐ (1) Not Guilty        ☐ (3) Nolo contendere (no contest)

☒ (2) Guilty            ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury            ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes            ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes            ☐ No

9. If you did appeal, answer the following:

(a) Name of court: PENNA. SUPREME COURT (PETITION FOR Allocatur)

(b) Docket or case number (if you know): 876 MAL 2010

(c) Result: PENDING SINCE NOVEMBER 1st, 2010

(d) Date of result (if you know): (SEE Attached DOCKET, 3 PGS)

(e) Citation to the case (if you know): N/A

(f) Grounds raised: SEE: ATTACHED UNDERLYING ISSUE PENDING BEFORE THE PENNA. SUPREME COURT (AND) PA. SUPERIOR COURTS 10-7-10 MEMORANDUM (TOTAL 14 PGS). SEE also PETITIONERS UNDERLYING ISSUE FOR THIS WRIT; LAW CITATIONS; HISTORY OF THE CASE; DISCUSSION AND ARGUMENT FOR WHY FEDERAL COURT SHOULD TAKE JURISDICTION AND PROVIDE RELIEF IN MANDAMUS AND/OR HABEAS CORPUS, (3 PGS HEREAFTER).

(g) Did you seek further review by a higher state court?        ☐ Yes        ☒ No

If yes, answer the following:

PRESENT UNDERLYING ISSUE

FOR WRIT OF HABEAS CORPUS

AND/OR WRIT FOR MANDAMUS RELIEF

UNDERLYING ISSUE :

PETITIONERS CONVICTION AND SENTENCE VIOLATES THE UNITED STATES CONSTITUTION, LAWS AND TREATIES WHERE RIGHTS OF DUE PROCESS AND EQUAL PROTECTIONS ARE DENIED BY JUSTICES OF THE PENNSYLVANIA SUPREME COURT BY FAILURE TO TIMELY-ADJUDICATE PETITION FOR ALLOWANCE OF APPEAL IN DENIAL OF DUE PROCESS SPEEDY APPEAL RIGHTS WHERE INSUBORDINATE TO PERFORM DUTIES OF OFFICE PROMPTLY PURSUANT TO JUDICIAL CANNON 3, SUB. SEC. A(5); PA. CONST. ART. 5, SECTION 17(b), 18(d)(1) CAUSING AN INEFFECTUAL STATE JUDICIAL FORUM, INORDINATE-APPELLATE-DELAYS IN VIOLATION OF THE 5TH AND 14TH AMENDMENTS.

**LAW**

The Third Circuit Court of Appeals has held that petitioners have a due process speedy appeal right under the Constitution See - **Burkett v. Cunningham,** 826 F.2d. 1208 (3rd Cir. 1987).

Moreover, "when a county justice system is unable to provide convicts with even the most rudimentary due process ... federal courts are compelled to grant relief when the violations reach constitutional dimensions, both to guard the rights of those who may have been falsely (or) unfairly accused (and) to guard the integrity of our justice system itself". Id. 826 F.2d at 1228. (Emph Add'd).

The Pennsylvania Supreme Courts role is that of supervisor of the **Unified Judicial System, 42 Pa. C.S. Section 1701,** by promulgating rules governing the processes used by the courts and the administrative organization of the judicial system, which refines the powers, and consequently the duties of judges. The "duty to render decisions" in cases that are ripe for resolution is implied by essential duty of judicial office. (See - **In Re Smith,** 687 A.2d 1229, 1233 - 34 (Pa. Ct. Jud. Disc. 1996). (A sixty day period is generally a reasonable time within which judges should dispose of matters that are ripe for disposition as a substantial rule).

## HISTORY OF CASE

(1).  On **November 1st, 2010** Petitioner submitted to the Pennsylvania Supreme Court a "Petition for Allowance of Appeal" (see attached six (6) pages) with a copy of the Superior Courts (8 page) **October 7th, 2010** dated Memorandum.

(2).  The Supreme Courts (3 page) Docket Entry reflects the lower courts docket entries regarding Petitioners state criminal case of Bucks County, Pennsylvania **(No. CP-09-MD-0002262-1978)** as having been; **117 EDA 2010; 197 MT 2010; 606 MT 2010; 84 MM 2010.**

(3).  The Supreme Court assigned docket **Number - 867 MAL 2010** as its Allocatur Docket Number to the now pending "Petition for Allowance of Appeal" **not yet adjudicated** as to (if) the Supreme Court will grant allocatur so Petitioner can bring his issue before that Honorable Court.

(4).  **Petitioner is Seventy Two (72) years old,** in need of a "timely disposition" by the Supreme Court.  Petitioners brief has been prepared regarding why time-bar of the Post Conviction Relief Act is to be excused where/as inapplicable in the circumstances of petitioners case and matter. For the underlying (seven) Issues Petitioner desires to present and to have the state courts (or any) court resolve this matter.


## DISCUSSION AND ARGUMENT

Petitioner avers the federal courts "should accept jurisdiction" to resolve the Question Presented to the state Supreme Court (or) in the alternative, consider Petitioner's **28 USC, Section 2254** petition as a "Writ of Mandamus", and determine the Supreme Court must resolve the Question Presented for review before it, to either grant or deny Allocatur to Petitioner so he may brief his Issue and present his additional (seven) Issues thereafter, which would provide Petitioner relief upon adjudication.

THREE PAGE PENNSYLVANIA

SUPREME COURT DOCKET FOR

PENDING ALLOCATUR AT

DOCKET NUMBER 867 MAL 2010

Supreme Court of Pennsylvania



**Allocatur Docket Sheet**

## Secure

Docket Number: <u>867 MAL 2010</u>

Page 1 of 3

January 6, 2011

### CAPTION

Commonwealth of Pennsylvania, Respondent
v.
Robert W. Thomas, Petitioner

### CASE INFORMATION

Initiating Document:        Petition for Allowance of Appeal

Case Status:                Active
Journal Number:

Case Category:              Criminal            Case Type(s):        Criminal
                                                                     Murder

**CONSOLIDATED CASES**                                **RELATED CASES**

### COUNSEL INFORMATION

Pro Se:                 Robert W. Thomas
Address:                SCI @ Dallas, #AM-3069
                        1000 Follies Road
                        Dallas, PA 18612
Phone No:                                      Fax No:
Receive Mail:           Yes
Receive EMail:          No
Representing:           Thomas, Robert W., Petitioner
Pro Se:                 Yes
IFP Status:             Pa.R.A.P. 551

Attorney (LEAD):        David Ward Heckler, Esq.
Bar No:                 016659
Address:                Bucks CO Da's Office
                        55 E Court St
                        Doylestown, PA 18901
Phone No:               (215) 348-6345             Fax No:
Receive Mail:           Yes
Receive EMail:          Yes                        Email: dwheckler@co.bucks.pa.us
Representing:           Commonwealth of Pennsylvania, Respondent
Pro Se:                 No
IFP Status:

Supreme Court of Pennsylvania

**Secure**



Allocatur Docket Sheet

Docket Number:  867 MAL 2010

Page 2 of 3

January 6, 2011

## COUNSEL INFORMATION

| | | |
|---|---|---|
| Attorney: | Karen Ann Diaz, Esq. | |
| Bar No: | 056067 | Bucks County District Attorney's Office |
| Address: | 55 E COURT ST | |
| | DOYLESTOWN, PA 18901 | |
| Phone No: | (215) 348-6331 | Fax No: (215) 348-6299 |
| Receive Mail: | Yes | |
| Receive EMail: | Yes | Email: kadiaz@co.bucks.pa.us |
| Representing: | Commonwealth of Pennsylvania, Respondent | |
| Pro Se: | No | |
| IFP Status: | | |

| | | |
|---|---|---|
| Attorney: | Maureen Flannery Spang, Esq. | |
| Bar No: | 094045 | Bucks County District Attorney's Office |
| Address: | 55 E Court St 4th Fl | |
| | Doylestown, PA 18901 | |
| Phone No: | (215) 348-6344 | Fax No: |
| Receive Mail: | Yes | |
| Receive EMail: | Yes | Email: |
| Representing: | Commonwealth of Pennsylvania, Respondent | |
| Pro Se: | No | |
| IFP Status: | | |

## SUPREME COURT INFORMATION

Appeal From:
Appeal Filed Below:

Probable Jurisdiction
Noted:                                          Docketed Date:        December 6, 2010

Allocatur Granted:                              Allocatur Docket No:

Allocatur Grant Order:

## FEE INFORMATION

| Fee Dt | Fee Name | Fee Amt | Receipt Dt | Receipt No | Receipt Amt |
|---|---|---|---|---|---|

## INTERMEDIATE APPELLATE COURT INFORMATION

| | | | | |
|---|---|---|---|---|
| Court Name: | Superior | | Docket Number: | 117 EDA 2010 |
| Date of Order: | October 7, 2010 | | Rearg/Recon Disp Date: | |
| | | | Rearg/Recon Disposition: | |
| Judge(s): | Ott, Paula Francisco | | | |
| | Freedberg, Robert A. | | | |
| | McEwen, Stephen J., Jr. | | | |
| Intermediate Appellate Court Action: | | Affirmed | | |
| Referring Court: | | | | |

Supreme Court of Pennsylvania

**Secure**



Allocatur Docket Sheet

Docket Number:  867 MAL 2010

Page 3 of 3

January 6, 2011

## AGENCY/TRIAL COURT INFORMATION

Court Below:        Bucks County Court of Common Pleas

County:             Bucks                    Division:  Bucks County Criminal Division

Date of Agency/Trial Court Order:   December 14, 2009

Order Type:         Order

OTN(s):

Lower Ct Docket No(s):CP-09-MD-0002262-1978

Lower Ct Judge(s):  Rufe, John J.
                    Senior Judge

### ORIGINAL RECORD CONTENT

| Original Record Item | Filed Date | Content/Description |
|---|---|---|

Record Remittal:

### DOCKET ENTRY

| Filed Date | Docket Entry / Representing | Participant Type | Filed By |
|---|---|---|---|
| November 1, 2010 | Petition for Allowance of Appeal Filed | | |
| | | Petitioner | Thomas, Robert W. |
| November 1, 2010 | Verified Statement in Support of Continuation of IFP Status | | |
| | | Petitioner | Thomas, Robert W. |
| November 1, 2010 | IFP Continued | | |
| | | | Bizzoso, Irene M. |
| November 10, 2010 | No Answer Letter to Petition for Allowance of Appeal | | |
| | | Respondent | Commonwealth of Pennsylvania |
| December 6, 2010 | Case was transferred from 606 MT 2010 | | |
| | | | Office of the Prothonotary |

Comments:
Case was transferred from 606 MT 2010; Pleadings perfected

### CROSS COURT ACTIONS

| Docket Number: | 117 EDA 2010 |
|---|---|
| Docket Number: | 197 MT 2010 |
| Docket Number: | 606 MT 2010 |
| Docket Number: | 84 MM 2010 |

FOURTEEN (14) PAGE ORIGINAL PETITION

FOR ALLOWANCE OF APPEAL

FILED IN PENNSYLVANIA SUPREME COURT WITH

THE UNDERLYING ISSUE BEFORE THAT COURT PENDING

AND COPY OF SUPERIOR COURTS MEMORANDUM OF LAW

IN THE SUPREME COURT OF PENNSYLVANIA

MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA

v.

ROBERT W. THOMAS

---

PETITION FOR ALLOWANCE OF APPEAL FROM SUPERIOR COURT OF PENNSYLVANIA ORDER OF OCTOBER 7th, 2010 AND NON-PRECIDENTIAL DECISION AND MEMORANDUM

---

SUBMITTED BY

ROBERT W. THOMAS

AM-3069

(PRO-SE APPELLANT)

1000 FOLLIES ROAD

DALLAS, PA. 18612-9515

## JURISDICTION STATEMENT

This Honorable Court has ample jurisdiction cinfered upon it to hear this matter pursuant to 42 Pa. C.S.A. Section 721, 722, 723, and 726.

The Appellant's question involves an issue of immediate public importance such as would justify assumption of plenary jurisdiction under 42 Pa. C.S. Section 726 extraordinary jurisdiction where the appellate court has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the powers of supervision of the Supreme Court.

Appellants appeal is from the Superior Court of Pennsylvania, October 7th, 2010 Non-Precidential Decision and Memorandum at Docket Number 117 EDA 2010 which concluded no basis existed to excuse a time bar under the Post-Conviction Relief Act for Appellants case and matter pursuant to 42 Pa. C.S. Section 9545(b)(1)(i). (Id at P.6, fn. 4, Memorandum).

See attached hereto a copy of the October 7th, 2010 eight page Memorandum as appended. The Superior Courts Memorandum is a Non-Precidential Decision at I.O.P. 65.37, the Supreme Court of Pennsylvania may invoke its Jurisdiction to hear this appeal pursuant to 42 Pa. C.S. Section 726 upon the question set forth which regards "a question concerning the Constitutionality of the Court Rules of Procedure" as intrinsic governmental interference as it relates to this matter.

### Text of the Order in Question of the Superior Court

"Since we detect no basis upon which to conclude that appellant pleaded
and proved that the instant third PCRA petition was timely filed, we
agree with the distinguished Judge John J. Rufe that no jurisdiction
exists under Pennsylvania law to review appellant's request for PCRA
relief.   Accordingly, we affirm the dismissal of appellant's third
petition as untimely filed." (P-8, of Memorandum).

### Concise Statement of the Procedural History of the case.

Appellant, Robert W. Thomas, proffered a guilty plea upon a colloquy that
did not comport with Pa. R.crim.P. 319, while medicated on high-dosages of
psychotropic and antipsylchotic drugs, and thereafter was sentenced on March
17th, 1980 to life inprisonment upon a charge of murder of the first degree.

Appellant requests this Honorable Court to reference the October 7th,
2010 Memorandum at pages 1,2,3, and 4, for a complete chronology of the case
to avoid redundancy.

### Question Presented for Review

Do principals of equity apply for substantial equality of justice where
Appellants question involved an issue of immediate public importance as to
whether res judicata and or collateral estoppel principals are applicable to
former court rules Pa. R.Crim.P. 9022(c); 576(c) in conjunction of application
with Rule 302(b); Rule 302(B)(1)(2)(a) and Pa. R.A.P. 3304 to prohibit time
bar within the meaning of 42 Pa. C.S. Section 9545(b)(1)(i) which caused
appellant an inability to exercise his rights abinito as guaranteed by the
Pennsylvania  Constitution  as  Article  1,  Section  11,  20  and  Federal
Constitution Rights at Article 4, Privileges and Immunities Clause, the 1st
Amendment Petition Clause, the 5th Amendment Due Process Clause and the 14th
Amendment Equal Protection Clause and Due Process Clause?

Appellant's lower court docket demonstrates counsel of record procedurally defaulted the formal withdrawal procedure mandated by Pa. R.Crim.P. Rule 302(b) Accord (New Rule 120), which the Court failed to supervise that officer of the court to do before it had the power and authority to assume (PCRA) jurisdiction to appoint appellant counsel for his first (PCRA), as an error of the court.

Appellant's first (PCRA) was uncounseled, where the courts appointment of counsel violated Pa. R.A.P. Rule 3304, creating Hybrid▪Representation without jurisdiction to do so, in violation of State and Federal Constitutions, and Laws and Rules of Procedure.

Where Pa. R.Crim.P. 9022(c) Accord (New Rule 576(c)) prohibited Clerks of Court from accepting petitions from pro-se, represented counsel of record defendants appellant could not lawfully file a (PCRA) petition "until after" Rule 576 was amended in 2004 with Subsection(A)(4) which permitted and mandated Clerks of Court to accept and docket pro-se petitions (even if) they still had counsel of record, where the former Rule was unconstitutional.

Said former Rules -- 9022(c) and 576(c) -- in conjunction with those procedural defaults of counsel of record the lower court failed to correct to comport with Pa. R.Crim.P. 302(b) (New Rule 120(c)) are governmental interference within the scope of 42 Pa. C.S. Section 9545(b)(1)(i) sufficient to excuse the (PCRA) time bar of Appellant.

Moreover, where the lower court docket is silent to the clerk having "formally entered" the sentencing Order of Appellant in accordance with the Rule (Pa. R.Crim.P., Rule 9025; Pa. R.A.P. 903; 108) (See - **Comm. v. Jerman**, 762 A.2d 366 (Pa. Super. 2000) at 368)) the appellate courts never had lawful jurisdiction confered to them to proceed with any appeals

(See – **Comm. v. Borrero**, 692 A.2d 158, 160 (Pa. Super. 1997)) where the appeal period was never triggered and the "entry" of an appropriate order, "is the prerequisite" to the Superior Courts exercise of jurisdiction.

Abinitio, Appellant did not have a state Court direct appeal where jurisdiction was not conferred to appellate courts and (PCRA) remedies were never yet available for appellant where jurisdiction of a (PCRA) court was not had.

Due to the fraud and breakdown in the operations of the courts as res judicata, collateral escoppel  and/or equitable estoppel principals protect, appellant is entitled to relief in equity by this courts extraordinary jurisdiction powers pursuant to 42 Pa. C.S. Section 726.  Whereas governmental interference is attributed to the lower courts in violations of the Rules of Procedure, the Pennsylvania Constitution and Federal–Constitutions protect as absolute rights of procedural due process that were denied to Appellant, which he neither waived nor forfeited.

Dated: /averife 1², 2010

s/

Mr. Robert W. Thomas
AM-3069
S.C.I. Dallas
1000 Follies Road
Dallas, Pa. 18612

## VERIFICATION STATEMENT

I, Robert W. Thomas, verify that the statements made in this affidavit are true and correct to the best of my knowledge information. I understand that false statements herein are made subject to the penalties of **18 Pa. C.S.A. Sect. 4904**, relating to unsworn falsification to authorities.

Date: _November 1st 2010_          S/ _X Thomas_ _____


## PROOF OF SERVICE

I Robert W. Thomas, Pro-Se, do hereby certify that on the date set forth below, I did serve a true and correct copy of the foregoing documents upon the persons at the following address indicated below by sending same in the United States Mail, first class, postage prepaid, which service satisfies the requirements of **Pa.R.App.P. 121.** Appellant is hereby invoking the prison mailbox rule **Commonwealth v. Jones**, 700 A.2d 423.


SUPREME COURT OF PENNSYLVANIA          (1) ORIG.--(1) COPY
OFFICE OF THE PROTHONOTARY
EASTERN DISTRICT
ROOM 468 CITY HALL
PHILADELPHIA, PA. 19107


DAVID W. HECKLER, ESQ.                 (1) COPY
OFFICE OF THE DISTRICT ATTORNEY
55 EAST COURT STREET
DOYLESTOWN, PA. 18901


Dated: _November 1st_ , 2010    S/ _X Thomas_ _____
                                ROBERT W. THOMAS, Pro_Se
                                AM - 3069
                                S.C.I. DALLAS
                                1000 FOLLIES ROAD
                                DALLAS, PA. 18612-9515

J. S65034/10

**NON-PRECIDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| ROBERT W. THOMAS,[1] | : | |
| Appellant | : | No. 117 EDA 2010 |

Appeal from the PCRA Order entered December 14, 2009,
in the Court of Common Pleas, Bucks County,
Criminal, No. CP-09-MD-0002262-1978

BEFORE: OTT, FREEDBERG, JJ., and McEWEN, P.J.E.

MEMORANDUM: **FILED OCTOBER 7, 2010**

Appellant, Robert W. Thomas, appeals *pro se* from the order that denied, after an evidentiary hearing, his third request for post conviction relief[2] from the judgment of sentence to serve a term of life imprisonment, a sentence imposed on March 17, **1980**, after he entered a guilty plea and the trial court found him guilty of murder of the first degree following a degree of guilt hearing. We affirm.

The trial court ably summarized the procedural history giving rise to the present appeal:

---

[1] We have changed the caption of this appeal from "**In re: Robert W. Thomas; Appeal of: Robert W. Thomas**" to reflect that this case involves a request for post conviction collateral relief from the judgment of sentence. **See, e.g.: Commonwealth v. Thomas**, 859 A.2d 837 (Pa.Super. 2004) (unpublished memorandum), **appeal denied**, 582 Pa. 684, 870 A.2d 322 (2005).

[2] Appellant filed the underlying petition for post conviction relief pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.

J. S65034/10

On March 9, 1979, Thomas, following a guilty plea and degree of guilt hearing, was convicted of first degree murder, and was sentenced to life in prison in the shooting death of 19 year old Roger Shaughn Richardson, in August 1978.  On March 15, 1979, he filed post-verdict motions raising fourteen issues.  After filing these motions, Thomas secured new counsel.  His motion to withdraw his plea was denied on February 12, 1980.  On March 17, 1980, at the hearing scheduled on the post-[verdict] motions, Thomas, on the record, withdrew all post-[verdict] challenges with the exception of the challenge to withdraw his guilty plea, which he intended to pursue on appeal.  [The trial court, on that date, sentenced appellant to life imprisonment.]

On August 9, 1980, by opinion and order, and following a June 11, 1980 evidentiary hearing, the trial court denied Thomas's [post-sentence] motion under Pa.R.Crim.P. 321, challenging the legality of his guilty plea.  On December 29, 1982, the Pennsylvania Supreme Court affirmed the trial court's ruling.  [*Commonwealth v. Thomas*, 501 Pa. 199, 460 A.2d 1074 (1982).]

On January 16, 1985, Thomas filed a petition under the PCRA raising nine issues of ineffective assistance of counsel.  From 1988 to 1994 Thomas was represented by new counsel. Following further investigation in 1991 and a court order in 1992, allowing experts to be retained with court funds, in June 1994 a PCRA hearing was held with a redefined list of nine issues of ineffective assistance of counsel.

On August 24, 1994, at the next scheduled hearing, following a conflict between counsel and Thomas, counsel was granted leave to withdraw and new counsel was appointed.  However, the Commonwealth learned Thomas was seeking new counsel again.   Thereafter, upon a motion by the Commonwealth, a hearing was scheduled in March 1996.  Upon entry of appearance of new counsel in February 1996 and after two continuances, the hearing occurred on September 9, 1998.  Following some witness testimony, that hearing was continued for Thomas to secure another witness.  After two continuances, the continued hearing occurred on July 5, 2000, and Thomas

- 2 -

J. S65034/10

had secured new counsel again.   On January 31, 2002, following another hearing, additional evidence and memoranda, the PCRA court denied Thomas' petition.

Thereafter, Thomas filed an appeal to the Pennsylvania Superior Court and petitioned the court to proceed *pro se*. Following an evidentiary hearing wherein the PCRA court determined Thomas' waiver of counsel was voluntary, knowing and intelligent, he was granted an extension of time to file his brief in the Superior Court.  On December 13, 2002, the Pennsylvania Superior Court quashed the appeal as untimely.   His petition for reconsideration was denied on January 9, 2003, and his petition for allowance of appeal was denied on May 15, 2003.

On September 3, 2003, Thomas filed his second PCRA petition raising the same issues as had been previously litigated.   The September 15, 2003 order of the PCRA court denied Thomas' petition without a hearing ... as the claims raised were previously litigated or waived.   On July 15, 2004, the Pennsylvania Superior Court [affirmed, finding that the PCRA petition was untimely]; and the application for reargument was denied on September 23, 2004.   On February 16, 2005, the Pennsylvania Supreme Court denied Thomas' allowance of appeal.   **See: Commonwealth v. Thomas**, 859 A.2d 837 (Pa.Super. 2004) (unpublished memorandum), **appeal denied**, 582 Pa. 684, 870 A.2d 322 (2005).

On August 9, 2007, the United States District Court issued an order and opinion denying Thomas' federal habeas petition, wherein he raised grounds challenging the voluntariness of his plea, and claimed trial court error and ineffective assistance of counsel, finding the claims were time barred and without merit.   Subsequently, the Court of Appeals denied his certificate of appealability and his request for reargument.   On October 6, 2008, the United States Supreme Court denied Thomas' writ of certiorari.

In August 2008, Thomas filed a writ of mandamus in the Pennsylvania Commonwealth Court requesting that it order the Bucks County Court of Common Pleas to hold an evidentiary hearing in order to challenge the finding

- 3 -

J. S65034/10

> made by the Superior Court that the 2002 PCRA appeal
> was untimely. The Commonwealth Court transferred the
> petition to the Pennsylvania Supreme Court which denied
> the application on December 17, 2008.
>
> That chronology brings us to the instant, third, PCRA
> [petition]. In the March 2009 petition, Thomas claimed
> government officials improperly obstructed his right to
> appeal the denial of his 2002 PCRA [petition].    He
> contends a clerical error by the Bucks County Clerk of
> Courts in docketing his notice of appeal and prosecutorial
> misconduct for failing to correct the Superior Court's
> 2002 finding of untimeliness.  Thomas requested release
> and discharge from incarceration and reinstatement of his
> 2002 PCRA appeal rights.   In the amended petition in
> June 2009, Thomas claimed ineffective assistance of
> counsel for failing to call and or investigate an unnamed
> witness ….

Trial Court Opinion/Order, December 14, 2009, pp. 1–4.

The trial court, following an evidentiary hearing on November 24, 2009, dismissed appellant's third PCRA on the grounds that the petition was "untimely" and that appellant "did not establish a valid exception to the one-year filing jurisdictional limitation on filing a petition." Trial Court Opinion/Order, December 14, 2009, p. 5. This appeal followed.

In appellant's case, a timely **first** petition for post conviction relief would have had to have been filed by January 16, 1997, pursuant to the grace period provided for petitioners whose judgments of sentence became final prior to the effective date of the amended PCRA.   **See: Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa.Super. 2007). However, since this is appellant's **third** petition and since it was not filed until **March of 2009**, it was untimely on its face. As a result the petition

- 4 -

J. S65034/10

> plead he filed his PCRA petition within sixty days of the
> date it could have been presented; ***that is, he must
> plead he filed his petition within sixty days of when
> he discovered this Court dismissed his first PCRA
> appeal***.

***Commonwealth v. Geer***, 936 A.2d 1075, 1078 (Pa.Super. 2007), ***appeal
denied***, 597 Pa. 703, 948 A.2d 803 (2008) (emphasis supplied) (footnotes
omitted).

Here, appellant cannot claim that he filed the current petition within
sixty days of the date he discovered that this Court had quashed his first
PCRA appeal, for the record reveals that he was well aware of that fact by
September 3, 2003, at the very latest,[6] when he filed his second PCRA
petition, wherein he sought the restoration of his right of appeal *nunc pro
tunc*.[7] ***See:*** Post Conviction Relief Act Petition, September 3, 2003, p. 1, ¶3
(averring denial of first PCRA petition had been "quashed ... on December
13th, 2002 for [counsel's] late filing of the notice of appeal"). Therefore, the

---

[6] Appellant, after the appeal was quashed on December 13, 2002, filed a
petition for reconsideration, which was denied by this Court on January 9,
2003, and a petition for allowance to appeal in the Supreme Court, which
was denied on May 15, 2003.

[7] The trial court, in denying appellant's September 3, 2003 PCRA petition,
determined that appellant "raise[d] no new issues," and that "[e]very issue
raised has been previously litigated." Order, September 15, 2003. This
Court, in our July 15, 2004, memorandum, affirmed the decision of the trial
court on other grounds, namely, that appellant had failed to plead or prove
any exception to the PCRA time-bar. ***Commonwealth v. Thomas***, 859
A.2d 837 (Pa.Super. 2004) (unpublished memorandum), ***appeal denied***,
582 Pa. 684, 870 A.2d 322 (2005).

J. S65034/10

present PCRA petition filed by appellant cannot fall within the ambit of the exception set forth in section 9545(b)(1)(ii).[8]

Since we detect no basis upon which to conclude that appellant pleaded and proved that the instant third PCRA petition was timely filed, we agree with the distinguished Judge John J. Rufe that no jurisdiction exists under Pennsylvania law to review appellant's request for PCRA relief. Accordingly, we affirm the dismissal of appellant's third petition as untimely filed.

Order affirmed.

Judgment Entered.

Prothonotary

Date: OCT 7 2010

---

[8] We note that appellant, in his June, 2009, amended petition alleged ineffective assistance of counsel for failing to call or investigate an unnamed witness, and claimed that he had filed the petition within sixty days of the newly discovered evidence. Appellant, however, failed to identify the "newly discovered evidence" in his petition, and did not develop this claim at the evidentiary hearing conducted by the trial court or in his brief to this Court. Thus, this claim has been waived.